OPINION
On June 2, 2000, the Stark County Grand Jury indicted appellant, Paul Edward Bunting, on one count of rape in violation of R.C. 2907.02 and six counts of sexual battery in violation of R.C. 2907.03. Said charges arose from incidents involving appellant's stepdaughter, starting at age twelve.
On June 27, 2000, appellant filed a motion to suppress his statements made to the Massillon Police Department. A hearing was held on July 18, 2000. By judgment entry filed July 24, 2000, the trial court granted the motion in part.
On August 4, 2000, appellant pled no contest to the counts. By judgment entry filed August 9, 2000, the trial court found appellant guilty and sentenced him to a total aggregate term of eighteen years in prison. Also, the trial court found appellant to be a sexually oriented offender.
Appellant appealed his convictions to this court, citing the trial court's partial denial of his motion to suppress. This court denied appellant's assignments and affirmed the trial court's decision. Statev. Bunting (May 29, 2001), Stark App. No. 2000CA00286.
On August 27, 2001, appellant filed an application to reopen his appeal, claiming his appellate counsel was deficient. This court granted the application on November 30, 2001. This matter is now before this court for consideration. Assignments of error are as follows:
 I "THE SENTENCING COURT PREJUDICIALLY ABUSED ITS DISCRETION AND ERRED IN FAILING TO SUPPRESS DEFENDANT'S STATEMENT MADE MAY 24, 2000 THAT VIOLATED HIS STATE AND FEDERAL CONSTITUTIONAL RIGHTS OF THE FIFTH AMENDMENT OF SELF-INCRIMINATION."
 II "THE SENTENCING COURT PREJUDICIALLY ABUSED ITS DISCRETION AND ERRED IN FAILING TO SUPPRESS DEFENDANT'S STATEMENT MADE MAY 24, 2000 THAT VIOLATED HIS STATE AND FEDERAL CONSTITUTIONAL RIGHTS OF THE SIXTH AMENDMENT OF INVOKING COUNSEL."
 III "THE SENTENCING COURT PREJUDICIALLY ABUSED ITS DISCRETION AND ERRED IN FAILING TO SUPPRESS TANGIBLE EVIDENCE ADDUCED BY PROSECUTION OF A LETTER OBTAINED FROM AN UNCONSTITUTIONAL ILLEGAL WARRANTLESS SEARCH AND SEIZURE VIOLATED DEFENDANT'S PRIVACY ACT OF THE FOURTH AMENDMENT AND DUE PROCESS OF THE FOURTEENTH AMENDMENT RIGHTS THAT INFRINGED UPON HIS CONSTITUTIONAL RIGHT TO CONSENT OF SEARCH AND VIOLATED TERRY STOP DOCTRINE AS AN ILLEGAL SEARCH AND SEIZE."
 IV "THE SENTENCING COURT PREJUDICIALLY ABUSED ITS DISCRETION AND ERRED IN FAILING TO SUPPRESS TANGIBLE EVIDENCE ADDUCED BY PROSECUTION OF AN INCRIMINATING NOTEBOOK OBTAINED IN VIOLATION OF MIRANDA WARNING RIGHTS THAT WERE NOT GIVEN IN WHICH VIOLATED DEFENDANT'S FIFTH AND SIXTH AND FOURTEENTH AMENDMENTS OF HIS CONSTITUTIONAL RIGHT TO HAVE COUNSEL AND TO REMAIN SILENT."
 V "THE PROSECUTION JUDICIALLY ERRED IN FAILING TO ADDUCE EVIDENCE TO USE AGAINST DEFENDANT IN DISCOVERY DISCLOSURE OF CO-DEFENDANT'S STATEMENT FOR THE FACT OF SUPPRESSION DECISION THAT CONFESSION BEING TAINTED AND COERCED PREJUDICED DEFENDANT THAT CREATED PRESUMPTION DERIVED IS AGAINST MANIFEST WEIGHT OF EVIDENCE TO PROPERLY MEASURE."
 VI "THE SENTENCING COURT ERRED IN FAILING TO ANNOUNCE THE FACTS TO THE FINDINGS ANALYSIS REQUIRED ON THE RECORD AT THE SENTENCING HEARING SINCE SENTENCE WAS MORE THAN THE MINIMUM AND FOR CONSECUTIVE SENTENCES WHICH THE RECORD DOES NOT SUPPORT THE SENTENCE IMPOSED PURSUANT TO R.C. 2953.08(A)(4) BEING CONTRARY TO LAW AND INCONSISTENT."
 VII "THE SENTENCING COURT PREJUDICIALLY ABUSED ITS DISCRETION AND ERRED BY MISTAKENLY IMPOSING A MANDATORY PRISON TERM UPON DEFENDANT'S DESIGNATED CLASSIFICATION OF A SEXUAL ORIENTED OFFEN[DER] NOT BEING SUBJECT TO THE IMPOSITION OF R.C. § 2971.03
AS A SEXUALLY VIOLENT PREDATOR SPECIFICATION."
 VIII "THE SENTENCING COURT PREJUDICIALLY ABUSED ITS DISCRETION AND ERRED IN BY IMPOSING CONSECUTIVE SENTENCES WHICH IS CONTRARY TO THE O.R.C. STATUTORY IMPOSITION REQUIREMENTS FOR A FIRST TIME OFFENDER AND [O]PPOSED FOR COMMITTING THE WORST FORM OF CRIME AND THE LIKELIHOOD OF RECIDIVISM FOR THE SERIOUSNESS OF CONDUCT."
 IX "THE SENTENCING COURT PREJUDICIALLY ERRED IN MAKING PRESUMPTIONS THAT IS NOT IN THE EVIDENCE OF DISCOVERY TO IMPOSE CONSECUTIVE SENTENCES."
Appellant claims his appellate counsel was ineffective by failing to argue certain errors on direct appeal. In reviewing appellant's assignments of error, we will use the standard set forth in State v.Bradley (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, certiorari denied (1990), 497 U.S. 1011. Appellant must establish the following:
 "2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle
[1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; Strickland v. Washington [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)
 "3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."
 I, II
Appellant claims the trial court erred in failing to suppress his statements made on May 24, 2000. We disagree.
The issues raised under these assignments of error were thoroughly briefed and resolved in appellant's direct appeal. State v. Bunting (May 29, 2001), Stark App. No. 2000CA00286.
In Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, syllabus, the Supreme Court of Ohio explained res judicata as "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Based upon this doctrine, we decline to revisit these arguments.
Assignments of Error I and II are denied.
 III, IV
Appellant claims his appellate counsel erred in not assigning as error the fact that trial counsel did not move to suppress the victim's letter and notebook turned over to the police. We disagree.
We are basically unable to address these claimed errors because the only records generated were the transcripts from the suppression hearing (July 18 and 19, 2000) and the plea and sentencing hearing (August 4, 2000). Appellant pled no contest after the suppression hearing.
Appellant was stopped for driving under suspension. T. at 54. The stop was initiated because of a posted notice at the Massillon Police Department stating appellant was driving under suspension. T. at 94. The notice was accompanied by a photograph of appellant and the information that he was wanted "in question with a case they were currently working." Id. Appellant was arrested during the traffic stop. T. at 54, 93. During an inventory search of appellant's van, notes and a diary were found. T. at 96.
From the very limited information in the record, appellant's conviction for driving under suspension (T. at 55-56) substantiates the validity of the stop and inventory search. Appellant's trial counsel was not required to file a frivolous motion or perform a vain act just because appellant's vehicle was searched. Further, without the benefit of a trial, we cannot determine prejudice by the items, provided they would have been admitted into evidence.
Assignments of Error III and IV are denied.
 V
Appellant claims his appellate counsel erred in not assigning as error the fact that trial counsel did not move to suppress statements made by his wife, Sherry King, a co-defendant. We disagree.
Apart from the fact that we are unable to determine whether the trial court had any knowledge of the statements and/or considered them, we cannot review their affect at trial because no trial was had. Appellate has no right to challenge the constitutionality of another's statements.Rakas v. Illinois (1978), 439 U.S. 128.
The statements were of a co-defendant, Ms. King's statements were provided in discovery and the statements included a total explanation and waiver of her constitutional rights. See, Undocketed Exhibit from the Massillon Municipal Court attached to Initial Appearance Entry. There can be no claim of spousal privilege because Ms. King stated on page three of her statement that appellant was her fiancé. Appellant pled no contest and cannot now complain as to the facts used in the state's statement against him.
Assignment of Error V is denied.
 VI, VII, VIII, IX
In these assignments of error, appellant challenges the trial court's sentence. Appellant claims the trial court's sentence was contrary to law and the record does not establish the requisite findings for mandatory or consecutive sentences. Appellant also argues the record does not establish the offense was of the worst form or the likelihood of re-offending. We disagree.
R.C. 2953.08 governs an appeal of sentence for felony. Subsection (G)(2) states as follows:
 "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
 "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (E)(4) of section 2929.14, or division (H) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
"(b) That the sentence is otherwise contrary to law."
Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954),161 Ohio St. 469, paragraph three of the syllabus.
After pleading no contest, the trial court found appellant guilty of one count of rape in violation of R.C. 2907.02, a felony of the first degree, and six counts of sexual battery, felonies of the third degree. Pursuant to R.C. 2929.14(A)(1) and (3), felonies of the first degree are punishable by "three, four, five, six, seven, eight, nine, or ten years" and felonies of the third degree are punishable by "one, two, three, four, or five years." By judgment entry filed August 9, 2000, the trial court sentenced appellant to nine years on the rape count, four years on each of two sexual battery counts and one year on each of the remaining four sexual battery counts. The trial court ordered the sentence for the rape, the two four year sexual battery counts and one of the one year sexual battery counts to be served consecutively. The remaining sentences were ordered to be served concurrently to the consecutive sentences, thereby giving appellant a total aggregate term of eighteen years in prison.
Appellant argues his conviction for rape (victim under the age of thirteen) did not require a mandatory term of incarceration. We disagree. R.C. 2929.13 governs sentencing guidelines for various specific offenses and degrees of offenses. Subsection (F)(2) specifically mandates a term of actual incarceration for a rape when the victim is under the age of thirteen:
 "Notwithstanding divisions (A) to (E) of this section, the court shall impose a prison term or terms under sections 2929.02 to 2929.06, section 2929.14, or section 2971.03 of the Revised Code and except as specifically provided in section 2929.20 or 2967.191
of the Revised Code or when parole is authorized for the offense under section 2967.13 of the Revised Code shall not reduce the terms pursuant to section 2929.20, section 2967.193, or any other provision of Chapter 2967. or Chapter 5120. of the Revised Code for any of the following offenses:
"* * *
 "(2) Any rape, regardless of whether force was involved and regardless of the age of the victim, or an attempt to commit rape by force when the victim is under thirteen years of age;"
Now we will turn our attention to the issue of consecutive sentences. R.C. 2929.14(E)(4) states as follows:
 "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
"* * *
 "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
Prior to sentencing appellant, the trial court was informed that appellant had attempted to contact the victim in violation of a no contact order. August 4, 2000 T. at 12. Also the state had just read the following facts into the record:
 "Beginning in December of 1998, Mr. Bunting began to have a sexual relationship with the then 12 year old young lady who was the daughter of his, of Mr. Bunting's girl friend or live-in.
 "He was living with the victim's mother at the time. That is a rape count based upon her being under the age of 13 years of age.
 "With regard to sexual battery counts, those began in June, on June 4 of 1999. When the young lady turned 13, it is no longer rape charges at that point, they are sexual conduct to include sexual intercourse among other things, continued from that time through, I believe, April of this year and even May of this year.
 "With regard to those counts, there were periods of time between June 4 of 1999 and the end of last year where things occurred.
 "Then beginning in January of this year Mr. Bunting kept a notebook detailing what occurred between the two of them. That was in code, but it was explained to the police officers.
 "The remaining counts of sexual battery are charges that relate to each month of this year, January, February, March, April, for conduct including sexual intercourse among other things that occurred in each of those months.
 "The 13 year old girl, 13 at the time became pregnant. She is currently pregnant, and Mr. Bunting has indicated, I believe indicated to the police that he is the father, or certainly could be the father; and he has then admitted to the police that these things did occur." Id. at 9-11.
In sentencing appellant to consecutive sentences, the trial court stated the following:
 "* * * and certainly consecutive sentences are called for in that it is necessary to protect the public from this type of offense and prevent future crime and to punish you, and certainly consecutive sentences will not be disproportionate to the seriousness of the offenses and, of course, the seriousness of the offenses outlined in the conduct by the State of Ohio demonstrates consecutive sentences because of the egregious nature of the offenses are called for." Id. at 13-14.
The trial court further stated the following:
 "This is one of the more egregious outrageous things this Court has had come before it. You are getting a sentence that is certainly substantial, but in many respects the victim in this case has been given a life sentence. So in some respects you are getting off light." Id. at 15.
In reading the sentencing transcript as a whole, we find the mandates of R.C. 2953.08(G) have been met. The issue of likelihood to re-offend was established by appellant's own actions the night before his sentencing when he "made several attempts to contact the victim by phone from the jail." Id. at 12. We find the record meets the criteria for consecutive sentencing.
Upon review, we cannot find clear and convincing evidence that the record does not support the sentence or that the sentence is otherwise contrary to law.
Assignments of Error VI, VII, VIII and IX are denied.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
By FARMER, J. GWIN, P.J. and EDWARDS, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed.